**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

ROBERT L. IVORY, II, ADC #105579                                                                PLAINTIFF

v.                                             NO. 4:17CV00015 JLH/BD

JAMAL DIAMONTE FRASURE, *et al*.                                                      DEFENDANTS

**ORDER**

The Court has received and reviewed the Partial Recommended Disposition ("Recommendation") from Magistrate Judge Beth Deere. After a careful consideration of the Recommendation, Ivory's timely objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects, with the following additional comments.

In *Wilkins v. Gaddy*, 559 U.S. 34, 130 S. Ct. 1175 (2010), which Judge Deere cited in her Recommendation, the Supreme Court explained that the inquiry in an excessive force claim under the eighth amendment is whether force was obtained in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm. *Id*. at 37, 130 S. Ct. at 1178. In that context, the Supreme Court said that an inmate who complains of a push or shove that causes no discernible injury "almost certainly fails to state a valid excessive force claim." *Id*. The reasoning is that a mere push or shove that causes no discernible injury does not represent the use of force maliciously or sadistically to cause harm.

On Ivory's due process claim, it should be added that the Supreme Court of Arkansas has held that the law of Arkansas does not create a liberty interest in the accumulation or loss of good time credits. *McKinnon v. Norris*, 366 Ark. 404, 408, 231 S.W.3d 725, 730 (2006); *Koontz v. Norris*, 2008 WL 2310973 (Ark. App. 2008). "The reasoning is that the accumulation and loss of

good-time credit does not affect the length of the sentence, but rather, determines the location and conditions under which the sentence will be served." *Roberts v. Hobbs*, No. 5:14CV00044 JLH/BD, 2014 WL 1345341 at *2 (April 4, 2014).

Ivory's verbal harassment claim and excessive force claim against defendant Frasure are DISMISSED without prejudice. In addition, Mr. Ivory's due process claim against defendant Middleton is DISMISSED without prejudice, and the Clerk is instructed to terminate defendant Middleton as a party defendant. Ivory's claims against defendant Turnetine are also DISMISSED without prejudice, and the Clerk is instructed to terminate defendant Turnetine as a party defendant.

IT IS SO ORDERED this 21st day of February, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE