# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ROBERT L. IVORY, II
ADC #105579                                                                    PLAINTIFF

V.                        CASE NO. 4:17-CV-15-JLH-BD

JAMAL DIAMONTE FRASURE                                                        DEFENDANT

## RECOMMENDED DISPOSITION

I.  **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes. Either party may file written objections to this Recommendation. Objections must be specific and must include the factual or legal basis for your objection. To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive any right to appeal questions of fact.

II. **Background**

Robert Ivory, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) The only issue remaining is Mr. Ivory's claim that Defendant Frasure retaliated against him for filing a grievance. (#10) Defendant Frasure has moved for summary judgment (#26) and Mr. Ivory has responded. (#29, #30, #31)

**III. Discussion**

    A.    Standard

Summary judgment is appropriate only when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about the facts that are important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). As the moving party, Defendant Frasure bears the burden of producing admissible evidence showing that there is no real dispute. If he offers such evidence, Mr. Ivory is obligated to meet evidence with evidence. Otherwise, Defendant Frasure is entitled to summary judgment, and there will be no trial.

    B.    Sovereign Immunity

Mr. Ivory's claim for money damages from Defendant Frasure in his official capacity is barred by sovereign immunity. A civil litigant cannot recover money damages from state actors in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). State actors may be liable for damages, however, in their individual capacities.

    C.    Retaliation Claim

On August 29, 2016, Mr. Ivory filed a grievance against Defendant Frasure alleging that he had verbally assaulted and threatened him. (#30 at p.14)

On November 7, 2016, Defendant Frasure issued Mr. Ivory a major disciplinary. The disciplinary charged Mr. Ivory with insolence to a staff member and failure to obey an order based on Mr. Ivory's refusal to step away from Defendant Frasure's desk. (#26-2

at p.1) On the same date, Mr. Ivory filed grievance WR-16-00342 against Defendant Frasure claiming that Defendant Frasure pushed him away from his desk and threatened to "writ[e] [him] up." (#26-8 at pp.1, 5)

On November 16, a disciplinary hearing was held before Justine Minor (not a party to this lawsuit). (*Id.* at pp.2-5) At that hearing, Mr. Ivory was permitted to make a statement on his own behalf. (#26-3 at p.1) In addition, Officer Minor reviewed the officer's report and a witness statement. (*Id.*) Officer Minor found Mr. Ivory guilty of both rule violations. (*Id.* at p.2) As a result, Mr. Ivory's classification level was lowered from Class II to Class IV. (*Id.*)

Mr. Ivory appealed his disciplinary conviction to the Warden, then to the Disciplinary Hearing Administrator. The Disciplinary Hearing Administrator modified Mr. Ivory's conviction, finding him not-guilty of insolence to a staff member. (#26-4 at p.4) In addition, the Disciplinary Hearing Administrator modified Mr. Ivory's penalty from a reduction to class IV to a reduction to class III. (*Id.*) Mr. Ivory then appealed his disciplinary conviction to the Director of the Arkansas Department of Correction, but it was denied. (#26-2 at p.7)

To prevail on his retaliation claim, Mr. Ivory must show that retaliation was the "actual motivating factor" for adverse treatment and that the adverse action would not have occurred "but for a retaliatory motive." *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007); *Haynes v. Stephenson*, 588 F.3d 1152, 1156 (8th Cir. 2009). Importantly, a prisoner cannot prevail if adverse action was taken for both a legitimate reason and for retaliatory reason. *Id.*; *Webb v. Hedrick*, Case No. 09–2896, 2010 WL 4366438, *1 (8th

3

Cir. Nov. 5, 2010) (unpublished opinion) (explaining that a prisoner cannot prevail "if retaliation was one factor" in the defendants' decision); *Ponchik v. Bogan*, 929 F.3d 419, 420 (8th Cir. 1991) (rejecting a retaliation claim where retaliation was only one of the factors leading to the inmate's transfer). In other words, if a disciplinary is based on some evidence of a violation, that "essentially checkmates" a retaliation claim. *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) *cert. denied*, 515 U.S. 1145, 115 S.Ct. 2584 (1995). "A report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary decision, if the violation is found by an impartial decision-maker." *Cole v. Norris*, No. 2:08CV00056-WRW, 2008 WL 4949283 (E.D. Ark.) (quoting *Hartsfield v. Nichols*, 411 F.3d 826, 831 (8th Cir. 2008)).

Here, Mr. Ivory alleges that he was retaliated against for filing prison grievances. The evidence shows, however, that Mr. Ivory was found guilty of the rule violations by an impartial-decision maker. Because there was some evidence to support the finding that Mr. Ivory was guilty of the charged conduct, his retaliation claim fails as a matter of law.[1]

**IV.** **Conclusion**

The Court recommends that Defendant Frasure's motion for summary judgment (#26) be GRANTED. Mr. Ivory's claims should be DISMISSED, with prejudice.

---

[1] Because Mr. Ivory's retaliation claim fails as a matter of law, the Court did not address Defendant Frasure's qualified immunity argument in this Recommendation.

4

DATED this 17th day of November, 2017.

                                                _____
                                                UNITED STATES MAGISTRATE JUDGE